35670. CROSBY *v.* THE STATE.

DECIDED JUNE 13, 1955—REHEARING DENIED JULY 5, 1955.

*Jack W. Ballenger*, for plaintiff in error.

*W. Glenn Thomas, Solicitor-General*, contra.

GARDNER, P. J. ■ The defendant abandons the general grounds and relies for a reversal on one special ground.

■ We think it expedient to set forth the special ground somewhat in detail. It complains of the following excerpt from the charge of the court: "I want to charge you now, gentlemen of the jury, that any reference to any former trial of this case is to have no effect upon your minds in your deliberations in this case. You are trying this case in the same manner as if it had never been tried before. I am saying this because anything that may have been said or done in any former trial of this case could not be considered by you in your deliberations in this case."

The brief of the evidence shows that N. P. Moody, Sheriff of Appling County, Georgia (the only witness in addition to the witness Fore called by the State), testified: that he had procured one Russell Hill to go to the defendant's house with the witness Fore on the day in question; that he did not have Hill's name marked on the indictment, and did not name this person as the one accompanying Fore, when asked to "name the party accompanying Fore" on the trial previously held, because he did not like to use a man in court that gave him information; that he remembered that on the former trial counsel for the defendant had asked him that question; that he had learned that the defendant was given a new trial because he (the sheriff) had not answered that question, and he knew that he would have to give this information at the present trial; that the reason that he did

not divulge Hill's name at the former trial was not that he was trying to hide anything, but for the reason that, if a man knew that he was to be used in court, he would not give information; and that the defendant denied having made the sale in question in his statement to the jury.

The evidence discloses that Russell Hill, called as a witness for the defendant, testified that he went to the defendant's house with the witness Fore, but did not buy any whisky or see any bought; that the witness Fore had some whisky when he left the defendant's house, and he did not see Fore with any whisky before he got to the defendant's house "unless he had it in his clothes." Nowhere in the record of Hill's testimony does it appear that Hill even saw the defendant at the defendant's house on the day in question. Hill's testimony in regard to the defendant on this point was: "I have seen Bill Crosby, the defendant in this case, a time or two." Hill further testified that, if Fore had bought any whisky at the defendant's house, he (Hill) would have seen it, and he didn't see it. Hill later added: "It might have been that he (Fore) could have bought whisky from Bill Crosby if he had a chance to have a transaction and me not known it."

It is the contention of the defendant that, because the court instructed the jury as set forth in the special ground of the motion for new trial as amended, to wit: "I want to charge you now that any reference to any former trial of this case is to have no effect upon your minds in your deliberations in this case. You are trying this case in the same manner as if it had never been tried before. I am saying this because anything that may have been said or done in any former trial of this case could not be considered by you in your deliberations in this case" this amounted to an infringement and invasion upon the province of the jury trying this case under the evidence therein, and eliminated from their consideration the testimony of J. E. Fore and N. P. Moody as set forth herein, this testimony and evidence being material to the issues in the case, in that said testimony had a bearing upon the credibility of the State's witness Fore and upon the possible motives of the State's witnesses Fore and Moody in their actions toward the concealing rather than the revealing of the identity of the person who, according to the

testimony of the State's witness Fore, accompanied said witness to the home of the defendant and was present at the time of the alleged sale of whisky for which the defendant was being tried. The defendant contends that said charge eliminated from the consideration of the jury the following: "(a) That the State's witness, Fore, had testified in the former trial of the same case against defendant in the year 1953.

"(b) That said witness had been asked to name the party who allegedly accompanied him to purchase the whisky in evidence in both the present and former trials (and since asked the same question in the former trial could reasonably have expected this same point to arise again in the present trial and been prepared to answer this question).

"(c) That the State's witness Fore admitted in the present case that he made an error when he testified in said former trial that defendant was wearing a green raincoat on the day of the alleged sale; that Fore stated in the present trial that after he got to thinking about it, he thought maybe he was 'out' about the green raincoat.

"(d) That the witness Fore stated in the present trial that 'I didn't swear now that I didn't say that' (referring to whether or not on said former trial he (Fore) had testified that he had picked up the party accompanying him to the defendant's house (for the purpose of buying whisky) behind the courthouse.)

"(e) That the State's witness Fore testified in the present trial that in the former trial said witness had testified that after said alleged sale had been made and the witness Fore, in the company of Sheriff Moody, went out to search the defendant's house, the defendant denied ever having seen Fore before.

"(f) That the State's witness Sheriff Moody, testified that he remembered on the former trial that he had been asked the question as to the identity of the man allegedly accompanying the witness Fore on the day in question (to the defendant's house for the purpose of purchasing the whisky in evidence) and that he had not given this information and had learned that the defendant got a new trial because of this; that he knew that he would have to give this information in the present trial.

"(g) That the State's witness Moody testified that he had gotten the party in question (Russell Hill) to accompany Fore, (and thus knew his identity at the time of the first trial)."

It is the contention of the defendant that said charge amounted to an infringement and invasion of the province of the jury trying this case, and that, had said jury been allowed to consider the testimony referred to herein, said jury could well have reached the conclusion that the charge against the defendant was false and the evidence in the present trial inconsistent and contradictory to evidence and statements made by the witness Fore previously, and from a consideration of this evidence and the conduct of the witnesses for the State as herein set forth, could have believed the statement of the defendant and reached the conclusion that the defendant was not guilty of this charge.

It is the further contention of the defendant that the court erred in denying the motion for a new trial as amended, and that the court should have granted a new trial.

Counsel for the defendant bases his contention on the evidence and the following authorities: Code §§ 38-1803, 38-1805, and 38-1806. These sections, in the main, pertain to the credibility of witnesses. The court charged fully the law regarding their credibility. There was no occasion to charge further. The charge of the court does not invade the province of the jury. One of the reasons why we have set out the contentions of the defendant in detail is to call attention to the fact that even the amended motion here under consideration and the contentions of counsel for the defendant regarding this special ground show on their face that it was impracticable to try this case a second time without some reference being made to what occurred on the first trial. We can not discern, from any viewpoint, that it was not the duty of the court to make some reference to the former trial.

The court did not err in denying the amended motion for new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*